UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES FOR MICHIGAN BAC HEALTH
CARE FUND, et al.,

       Plaintiffs,

v.                                                      Case No. 07-12331
                                                      Hon. Sean F. Cox

C.S.S. CONTRACTING COMPANY, INC.,
and F. MICHAEL SPENCER,

       Defendants.
_____

## **OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment Regarding Damages and/or for Entry of Judgment. [Doc. 32]. Both parties have briefed the issues. Pursuant to E.D.Mich. LR 7.1, the Court declines to hear oral argument. For the following reasons, the Court **DENIES** Plaintiffs' Motion.

## I.    BACKGROUND

This action arises out of unpaid fringe benefit contributions. The underlying facts are sufficiently set forth in this Court's April 22, 2008 Order granting in part, and denying in part, Plaintiffs' Motion for Summary Judgment. [Doc. 25]. In that order, this Court granted summary judgment in favor of Plaintiffs on the issue of liability and on Defendant Spencer's personal liability for employee contributions. Following a motion to reconsider, the Court ruled that Defendant Spencer is also personally liable for the unpaid employer benefit contributions of Plaintiff Bricklayers and Trowel Trades International Pension Fund. [Doc. 30]. The only

1

remaining issue in this case is damages.

On June 2, 2008, the Court entered an order allowing Plaintiffs to file a motion for summary judgment and/or for entry of judgment on the issue of damages. Plaintiffs filed the instant Motion on June 9, 2008. Defendants filed a Response on June 30, 2008. Plaintiffs filed a Reply on July 7, 2008.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## IV.  ANALYSIS

Defendants claims there are five factual issues regarding damages:

(1) inclusion of amounts claimed due for December 2006 in the audit report, when the audit report and the Motion state they are limited to the period through November 2006; (2) the amount of contributions due based on wages of Spencer (which includes issues as to the hours he actually performed bricklayer work, and also whether there is an obligation to pay contributions for Union don [sic] his behalf); (3) the amount of contributions due based on wages of employee Jon

2

Fritz; (4) the amount of contributions included in Plaintiffs' audit report and damage claim for jobs excluded from the CBAs; (5) personal liability of Defendant Spencer for employee contributions; and (6) amounts due for audit assessments, attorney fees, interest and costs.

[Response, p.4]. The Court will address each of these alleged factual issues in turn.

### A. Inclusion of Amounts Due for December 2006

Defendants contend Plaintiffs' audit includes contributions due for December 2006, even though Plaintiffs' motion is for recovery of amounts claimed due from June 2005 through November 2006 only. Plaintiffs submit a supplemental affidavit of the auditor, Jeni Magwood, who avers that with respect to the workers other than Defendant Spencer, only December 1, 2006 was included because the November 27, 2006 workweek ended on that date. With respect to Defendant Spencer, contributions for the entire month of December 2006 were included in the audit.

Because the workweek ended on December 1, 2006, that day is permissibly included in the audit of November 2006. However, there is no justification for including the entire month of December 2006 with respect to Defendant Spencer. In her supplemental affidavit, Magwood claims that based on a lack of records and because he is paid a salary, she estimated 40 hours per week of covered work for Defendant Spencer for the month of December. There is no reason why that month had to be included in this audit. Accordingly, the audit should be adjusted to remove any contributions owing for Defendant Spencer beyond December 1, 2006. Any cost in adjusting the audit shall not be assessed against Defendants.

### B. Amount of Contributions Due for Defendant Spencer; Jon Fritz; and Excluded Jobs

Plaintiffs contend that Defendants failed to maintain adequate records of who performed

3

covered work and on which jobs. Thus, Plaintiffs considered all hours work as covered work. Defendants dispute that all the hours were covered and claim that Spencer and Fritz performed non-covered work. Defendants further allege that six jobs that the parties agreed would not be included were included in the audit.

The case *Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc*., 30 F.3d 692 (6th Cir. 1994), is instructive. In *Grimaldi*, the parties agreed on the total number of hours worked, but disagreed on the percentage of those hours that were covered work under the CBA. The defendant produced invoices for approximately 20% of the total work. The invoices showed that only a little more than half of the 20% of total work was covered work. The defendant did not have receipts for the remaining 80% of total work. Further, the defendant did not have any records showing which laborers performed covered work or how many hours were spent performing covered work. Relying on 29 U.S.C. § 1059(a)(1), which requires employers to maintain records with respect to each employee sufficient to determine benefits due, the district court found that because the defendant failed to maintain adequate records as was statutorily required, the defendant was liable for contributions for all hours worked.

On appeal, the Sixth Circuit upheld the finding of the district court. The court noted that section 1059 imposes "a clear duty on an employer to maintain adequate records." *Grimaldi*, 30 F.3d at 695. The court found that a failure to maintain adequate records as required by section 1059 shifted the burden to the defendant to prove what work is covered and what work is not. *Id.* at 696. Because the information produced by the defendant did not set forth the hours worked on covered projects and did not specify which laborers worked on those projects, the defendant's information was insufficient to meet his burden of proof on the amount of covered

4

work performed.

In this case, Defendants did not maintain adequate records as required by section 1059. Thus, the burden shifts to Defendants to prove what work was covered and what was not. To meet this burden, Defendants rely on planner entries for the pertinent dates. [Response, Exhibit 16]. The planner entries purportedly show how many hours each employee worked on a particular day and some entries include the name of the job. Defendants also submit the affidavit of Defendant Spencer which seems to indicate what jobs were being performed in what months. [Response, Exhibit 10]. Defendants also submit their own spreadsheet calculation of what the contributions should be based on the number of covered hours worked. [Response, Exhibit 13].

The Court finds the evidence submitted by Defendants sufficient to create a question of fact regarding the amount of covered work for which contributions are owed. *Grimaldi* holds that where a Defendant does not keep clear records for each employee as required by § 1059, the burden shifts to the defendant to show what work is covered and what is not. *Grimaldi* does not hold that if a defendant fails to keep adequate records as contemplated by § 1059, the defendant is automatically liable for contributions on all hours. Therefore, evidence that falls short of the clarity and specificity required by § 1059, but nonetheless allows the number of covered hours to be discerned, satisfies the burden. Here, Defendants have submitted daily planner entries and the sworn statement of Spencer, and have synthesized that information into a spreadsheet listing for each employee the number of covered hours worked. This is different from *Grimaldi*, where the defendant did not offer any records of hours worked and wanted the court to speculate as to the amount of covered hours for 80% of the total hours worked. Accordingly, Defendant has created a genuine issue of fact regarding damages.

### C. Personal Liability of Defendant F. Michael Spencer

The issue of Defendant Spencer's personal liability was previously addressed by this Court in its April 22, 2008 order granting in part, and denying in part, Plaintiffs' motion for summary judgment [Doc. 25]; and its May 29, 2008 order granting in part, and denying in part, Plaintiffs' motion for reconsideration [Doc. 30].

### D. Amounts Due for Attorney Fees, Audit Assessments, Interest, etc.

Because there remains a genuine issue of material fact, this case will proceed. Accordingly, the appropriate amount of attorney fees, audit assessments, interest, etc. cannot be determined until the damages are discerned.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Summary Judgment Regarding Damages and/or for Entry of Judgment.

**IT IS SO ORDERED.**

                **S/Sean F. Cox**
                **Sean F. Cox**
                **United States District Judge**

**Dated: July 18, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 18, 2008, by electronic and/or ordinary mail.**

                **S/Jennifer Hernandez**
                **Case Manager**